FREDERICK P. ALIMONTI (FA9651)
ALIMONTI LAW OFFICES, P.C.
200 Mamaroneck Avenue, Suite 304
White Plains, New York 10601
Tel. 914-948-8044
Fax. 914-948-8058

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 23 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FRANCISCO MARTINEZ, JAKAIRA TAVAREZ and CHANABELL TAVAREZ,

                               Plaintiffs,

-against-

JETBLUE AIRWAYS CORPORATION,

                               Defendant.

---

09 Civ. No. _____

ROSS, J.
REYES, M.J

NOTICE OF REMOVAL

10  3391

1. Defendant JETBLUE AIRWAYS CORPORATION (hereinafter referred to as Defendant JETBLUE) by and through its attorneys ALIMONTI LAW OFFICES, hereby removes this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§1331 & 1441 *et seq.* and 49 U.S.C. § 40101 on the grounds that the plaintiff's claims arise under the laws of the United States.

2. This action was commenced against Defendant JETBLUE in the Supreme Court of the State of New York, Queens County, and Defendant JETBLUE was served on or about July 6, 2010. A copy of the Summons and Verified Complaint are attached hereto as Exhibit "A".

3. This is an action brought under the laws of the United States within the meaning of 28 U.S.C. § 1331:

    A. Plaintiff FRANCISCO MARTINEZ, JAKAIRA TAVAREZ and CHANABELL TAVAREZ allege that on or about September 22, 200, they were lawfully ticketed passengers on a JETBLUE Airways flight. Complaint ¶ 6, 15 and 24.

    B. Plaintiffs allege that, while aboard a JETBLUE flight on September 22, 2009, plaintiffs were "caused to sustain serious and severe permanent injury due to the turbulence in transit and the failure of the agents, servants and/or employees of defendant to warn of turbulence which caused the plane to drop precipitously." Complaint ¶ 7, 16 and 25.

    C. Plaintiffs further allege that JETBLUE failed to provide proper medical attention to plaintiffs. Complaint ¶ 8, 17 and 26.

    D. Plaintiffs further allege that the terms and conditions aboard said JETBLUE flight **"was subject to the terms and provisions of the Convention For the Unification of Certain rules Relation to International Transportation By Air, commonly known as the Warsaw convention, 49 STAT 3000 (1934), as modified by an interline agreement commonly called the Montreal Agreement (CAB 18990, approved by Executive Order E-23680, June 13, 1966, which Montreal Agreement was subsequently modified in 2000) to which defendant is a signatory and contractual obligor."** Complaint ¶ 6, 15 and 24 (*emphasis added*).

    E. Plaintiffs further allege that as a result, JETBLUE "is liable to pay full, fair and reasonable damages to plaintiff under the Montreal Agreement together with the International Air Transport Intercarrier Agreement on Passenger Liability which defendant JETBLUE AIRWAYS CORPORATION incorporated into its conditions of carriage prior to July 24, 2007." Complaint ¶ 10, 19 and 28.

    F. Accordingly, plaintiff's claims arise under the "laws . . . of the United States" within the meaning of 28 U.S.C. §1331.

4.     Defendant JETBLUE is therefore entitled to remove this action to this Court pursuant to 28 U.S.C. §1441(a) as "an action of which the district courts of the United States have original jurisdiction . . . ."

5.     The Eastern District of New York embraces the place where the State Court action is pending.

6.     This Notice of Removal is being filed with this Court within thirty (30) days after Defendant JETBLUE first received, through service or otherwise, a copy of a pleading, amended pleading, motion, order or other paper from which any defendant, including Defendant JETBLUE could first ascertain that the action was removable.

7.   Defendant JETBLUE will serve a copy of this Notice of Removal on plaintiff forthwith and will file a Notice of Filing Notice of Removal with the Clerk of the Court of the Supreme Court of the State of New York, Queens County.

8.   In filing this Notice of Removal, Defendant JETBLUE does not waive any defenses that may be available to it.

WHEREFORE, Defendant JETBLUE prays that the above-entitled action now pending in the Supreme Court of the State of New York, Queens County be removed therefrom to this Court.

Dated: White Plains, New York
       July 20, 2010

Respectfully Submitted,

_____
LYDIA S. ANTONCIC, ESQ. (LA7450)
ALIMONTI LAW OFFICES, P.C.
*Attorneys for Defendant*
JETBLUE AIRWAYS CORPORATION
200 Mamaroneck Avenue, Suite 304
White Plains, New York 10601
(914) 948-8044

TO:   Gloria Drelich, Esq.
      DAVID HOROWITZ, PC
      *Attorneys for Plaintiffs*
      276 Fifth Avenue
      New York, NY 10001
      (212) 684-3630

Case 1:10-cv-03391-ARR -RER   Document 1   Filed 07/23/10   Page 4 of 16

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF QUEENS | INDEX NO: 15223/10<br>Date Purchased: 6-15-10 |
| FRANCISCO MARTINEZ, JAKAIRA TAVAREZ<br>and CHANABELL TAVAREZ,<br><br>                        Plaintiff,<br><br>        -against-<br><br>JETBLUE AIRWAYS CORPORATION,<br><br><br>                        Defendant. | Plaintiff designates<br>QUEENS County as<br>Place of Trial<br>Basis of venue is:<br>Residence of plaintiff<br>  and defendant<br><br>SUMMONS<br><br>Plaintiff Residence:<br>3343 101st Street<br>Queens, New York |

To the above named Defendant(s):

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: June 1, 2010

                                    DAVID HOROWITZ, P.C.
                                    By: _____
                                         GLORIA DRELICH
                                    276 Fifth Avenue
                                    New York, New York 10001
                                    (212) 684-3630

Defendants' Address:
JETBLUE: Jim Hnat, 118-29 Queens Boulevard, Forest Hills, New York 11375

2010 JUN 15 PM 12:30  QUEENS COUNTY CLERK RECEIVED

Served By:
Teitel Service Bureau, Inc.
P.O. Box 3150
Albany, NY 12203

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------

Index No: 15223/10

FRANCISCO MARTINEZ, JAKAIRA TAVAREZ
and CHANABELL TAVAREZ,

                           Plaintiffs,

   -against-                                     VERIFIED COMPLAINT

JETBLUE AIRWAYS CORPORATION,

                           Defendant.
-------------------------------------------------------------------

    Plaintiffs, complaining of the defendant herein, by their attorneys, DAVID HOROWITZ, P.C., alleges upon information and belief, as follows:

        AS AND FOR A FIRST CAUSE OF ACTION ON
        BEHALF OF PLAINTIFF FRANCISCO MARTINEZ

    1. Plaintiff, FRANCISCO MARTINEZ, is a resident of New York State residing at 3343 101ST Street, Queens, New York.

    2. Upon information and belief, at all times herein mentioned, the defendant JETBLUE AIRWAYS CORPORATION, is a foreign corporation, organized and existing under and by virtue of the laws of the State of Delaware.

    3. Upon information and belief, at all times herein mentioned, the defendant JETBLUE AIRWAYS CORPORATION, was licensed to do business in the State of New York.

    4. Upon information and belief, at all times herein mentioned, the defendant JETBLUE AIRWAYS CORPORATION, conducted business in the State of New York.

    5. On and prior to September 22, 2009, defendant JETBLUE AIRWAYS CORPORATION, was a common carrier, engaged in the business of transporting passengers for

hire in international transportation.

6. On or about September 22, 2009, plaintiff FRANCISCO MARTINEZ was a duly ticketed passenger aboard JETBLUE AIRWAYS CORPORATION's flight 828 from the Dominican Republic to JFK Airport, Queens, New York, and as such plaintiff's transportation was subject to the terms and provisions of the Convention For the Unification of Certain rules Relation to International Transportation By Air, commonly known as the Warsaw convention, 49 STAT 3000 (1934), as modified by an interline agreement commonly called the Montreal Agreement (CAB 18990, approved by Executive Order E-23680, June 13, 1966, which Montreal Agreement was subsequently modified in 2000) to which defendant is a signatory and contractual obligor.

7. On or about September 22, 2009, the plaintiff FRANCISCO MARTINEZ, while a passenger in Seat 21A, was caused to sustain serious and severe permanent injury due to the turbulence in transit and the failure of the agents, servants and/or employees of defendant to warn of turbulence which caused the plane to drop precipitously.

8. Following the accident, defendant's agents, servants and/or employees failed to provide proper medical attention to the plaintiff.

9. That by reason of the foregoing occurrence, plaintiff was rendered sick, sore, lame and disabled, and so remains; suffered and sustained serious and severe physical and personal injuries, both external and internal and suffered extreme mental and physical pain, and was injured in and about his body, and suffered and still suffers and for a long time to come will continue to suffer great physical and mental shock, and upon information and belief, some of the injuries are and others may be permanent.

10. As a result of the foregoing, defendant JETBLUE AIRWAYS CORPORATION is

liable to pay full, fair and reasonable damages to plaintiff under the Montreal Agreement together with the International Air Transport Intercarrier Agreement on Passenger Liability which defendant JETBLUE AIRWAYS CORPORATION incorporated into its conditions of carriage prior to July 24, 2007.

11. The carrier cannot meet its burden of proving that it took all necessary measures to avoid the subject accident insofar as its negligence also caused or contributed to the accident and plaintiff's resulting injuries.

12. That by reason of the foregoing, the plaintiff, FRANCISCO MARTINEZ, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF JAKAIRA TAVAREZ

13. Plaintiff JAKAIRA TAVAREZ repeats, reiterates and realleges each and every allegation contained within paragraphs marked and numbered " 2" through "5" as if more fully set forth hereafter.

14. Plaintiff JAKAIRA TAVAREZ is a resident of the State of New York, residing at 3344 101st Street, Queens, New York.

15. On or about September 22, 2009, plaintiff JAKAIRA TAVAREZ was a duly ticketed passenger aboard JETBLUE AIRWAYS CORPORATION's flight 828 from the Dominican Republic to JFK Airport, Queens, New York, and as such plaintiff's transportation was subject to the terms and provisions of the Convention For the Unification of Certain rules Relation to International Transportation By Air, commonly known as the Warsaw convention, 49 STAT 3000 (1934), as modified by an interline agreement commonly called the Montreal Agreement

(CAB 18990, approved by Executive Order E-23680, June 13, 1966, which Montreal Agreement was subsequently modified in 2000) to which defendant is a signatory and contractual obligor.

16. On or about September 22, 2009, the plaintiff JAKAIRA TAVAREZ, while a passenger in Seat 21C, was caused to sustain serious and severe permanent injury due to the turbulence in transit and the failure of the agents, servants and/or employees of defendant to warn of turbulence which caused the plane to drop precipitously.

17. Following the accident, defendant's agents, servants and/or employees failed to provide proper medical attention to the plaintiff.

18. That by reason of the foregoing occurrence, plaintiff was rendered sick, sore, lame and disabled, and so remains; suffered and sustained serious and severe physical and personal injuries, both external and internal and suffered extreme mental and physical pain, and was injured in and about her body, and suffered and still suffers and for a long time to come will continue to suffer great physical and mental shock, and upon information and belief, some of the injuries are and others may be permanent.

19. As a result of the foregoing, defendant JETBLUE AIRWAYS CORPORATION is liable to pay full, fair and reasonable damages to plaintiff under the Montreal Agreement together with the International Air Transport Intercarrier Agreement on Passenger Liability which defendant JETBLUE AIRWAYS CORPORATION incorporated into its conditions of carriage prior to July 24, 2007.

20. The carrier cannot meet its burden of proving that it took all necessary measures to avoid the subject accident insofar as its negligence also caused or contributed to the accident and plaintiff's resulting injuries.

21. That by reason of the foregoing, the plaintiff, JAKAIRA TAVAREZ, has been

damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF CHANABELL TAVAREZ

22. Plaintiff CHANABELL TAVAREZ repeats, reiterates and realleges each and every allegation contained within paragraphs marked and numbered " 2" through "5" as if more fully set forth hereafter.

23. Plaintiff CHANABELL TAVAREZ is a resident of the State of New York, residing at 3344 101st Street, Queens, New York.

24. On or about September 22, 2009, plaintiff CHANABELL TAVAREZ was a duly ticketed passenger aboard JETBLUE AIRWAYS CORPORATION's flight 828 from the Dominican Republic to JFK Airport, Queens, New York, and as such plaintiff's transportation was subject to the terms and provisions of the Convention For the Unification of Certain rules Relation to International Transportation By Air, commonly known as the Warsaw convention, 49 STAT 3000 (1934), as modified by an interline agreement commonly called the Montreal Agreement (CAB 18990, approved by Executive Order E-23680, June 13, 1966, which Montreal Agreement was subsequently modified in 2000) to which defendant is a signatory and contractual obligor.

25. On or about September 22, 2009, the plaintiff CHANABELL TAVAREZ, while a passenger in Seat 21B, was caused to sustain serious and severe permanent injury due to the turbulence in transit and the failure of the agents, servants and/or employees of defendant to warn of turbulence which caused the plane to drop precipitously.

26. Following the accident, defendant's agents, servants and/or employees failed to

provide proper medical attention to the plaintiff.

27. That by reason of the foregoing occurrence, plaintiff was rendered sick, sore, lame and disabled, and so remains; suffered and sustained serious and severe physical and personal injuries, both external and internal and suffered extreme mental and physical pain, and was injured in and about her body, and suffered and still suffers and for a long time to come will continue to suffer great physical and mental shock, and upon information and belief, some of the injuries are and others may be permanent.

28. As a result of the foregoing, defendant JETBLUE AIRWAYS CORPORATION is liable to pay full, fair and reasonable damages to plaintiff under the Montreal Agreement together with the International Air Transport Intercarrier Agreement on Passenger Liability which defendant JETBLUE AIRWAYS CORPORATION incorporated into its conditions of carriage prior to July 24, 2007.

29. The carrier cannot meet its burden of proving that it took all necessary measures to avoid the subject accident insofar as its negligence also caused or contributed to the accident and plaintiff's resulting injuries.

30. That by reason of the foregoing, the plaintiff, CHANABELL TAVAREZ, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiffs demands judgment against the defendant on the first cause of action in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction in an amount to be determined at trial, on the second cause of action in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction in an amount to be determined at trial, and on the third cause of action in an

amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction in an amount to be determined at trial, all together with the costs and disbursements of this action.

                                          Yours, etc.
                                          DAVID HOROWITZ, P.C.

                                          By: _____
                                          GLORIA DRELICH
                                          Attorney for Plaintiff
                                          Office & P.O. Address
                                          276 Fifth Avenue
                                          New York, New York 10001
                                          (212) 684-3630

## ATTORNEY VERIFICATION

State of New York        }
                         } SS:
County of New York       }

 I, **Gloria Drelich**, the undersigned, an attorney admitted to practice in the courts of the State of New York, state that I am the attorney of record for the plaintiff in the within action; I have read the foregoing

### SUMMONS AND VERIFIED COMPLAINT

in the within action and know the contents thereof; the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. The reason this verification is made by me and not by the plaintiff is because Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

 The grounds of my belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:  NEW YORK, NEW YORK
    June 3, 2010

_____
**GLORIA DRELICH**

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

FRANCISCO MARTINEZ, JAKAIRA TAVAREZ and CHANABELL TAVAREZ,

Plaintiff,

-against-

JETBLUE AIRWAYS CORPORATION,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

# DAVID HOROWITZ, P.C.
*Attorneys for Plaintiff*
276 Fifth Avenue - Suite 405
New York, New York 10001
212-684-3630

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: June 3, 2010            Signature: _____
                               Print Signer's Name: Gloria Drelich

To:

Service of a copy of the within
is hereby admitted.
Dated,

..........................................................................

Attorney(s) for

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
MARTINEZ, FRANCISCO

Party Served:
JETBLUE AIRWAYS CORPORATION

JETBLUE AIRWAYS CORPORATION
JIM HNAT
118-29 QUEENS BLVD.
FOREST HILLS, NY 11375

JETBLUE AIRWAYS
JUL 0 6 2010
LEGAL DEPT.

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 06/29/2010 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

ALIMONTI LAW OFFICES, P.C.
200 Mamaroneck Avenue, Suite 304
White Plains, New York 10601
Tel. 914-948-8044
Fax. 914-948-8058

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

FRANCISCO MARTINEZ, JAKAIRA TAVAREZ and CHANABELL TAVAREZ,

                          Plaintiffs,

-against-

JETBLUE AIRWAYS CORPORATION

                          Defendants.

Index No: 15223/2010

Notice of Filing Notice of Removal

**PLEASE TAKE NOTICE** that the attached is a true and complete copy of a Notice of Removal filed with the U.S. District Court for the Eastern District of New York on the 20th day of July 2010 whereby the above action was removed thereto pursuant to 28 U.S.C. §§ 1332 & 1441.

Dated: White Plains, New York
        July 20, 2010

                                              Respectfully Submitted,

                                              LYDIA S. ANTONCIC, ESQ.
                                              ALIMONTI LAW OFFICES, P.C.
                                              200 Mamaroneck Avenue, Suite 304
                                              White Plains, New York 10601
                                              (914) 948-8656
                                              Attorneys for Defendant
                                              JETBLUE AIRWAYS CORPORATION

TO:    Gloria Drelich, Esq.
          DAVID HOROWITZ, PC
          *Attorneys for Plaintiffs*
          276 Fifth Avenue
          New York, NY 10001
          (212) 684-3630